UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RONALD CUTHBERTSON,                                  Case No. 1:11-cv-582

    Plaintiff,                                                   Dlott, J.
v.                                                                      Bowman, M.J.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

**ORDER**

On August 24, 2011, Plaintiff tendered a complaint in this court seeking to appeal a decision of the Commissioner of Social Security under the Social Security Act. Plaintiff's motion to proceed *in forma pauperis* was granted and on October 31, 2011, the Commissioner filed and served its answer and a certified copy of the administrative record, including the transcript of the hearing held before the administrative law judge. The record reflects that Plaintiff was represented by counsel at the administrative level, (*see* Doc.6-2 at 9), but that he proceeds *pro se* on appeal to this Court.

Pursuant to the Magistrate Judges' General Order Concerning Social Security Appeals, Plaintiff was required to file a "Statement of Errors" within forty-five (45) days of service of the answer and administrative record. When Plaintiff failed to file a timely Statement of Errors, and in recognition of the fact that Plaintiff may not have been aware of his obligations as a *pro se* litigant, the Court entered an Order directing the Clerk to serve Plaintiff with a copy of the Court's General Order Concerning Social Security Appeals, and further instructing Plaintiff to file the long overdue Statement of Errors by

March 8, 2012.  (Doc. 8).

The Court's last order explained that:

> Unfortunately, now six months after Defendant filed the administrative record, Plaintiff still has not filed his Statement of Errors.  Absent the filing of a Statement of Errors, this case cannot proceed.  While some latitude may be extended to *pro se* litigants "when dealing with sophisticated legal issues...there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer."  *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991).  In order to pay heed to a defendant's right to fair and timely resolution of litigation, *pro se* litigants should not "be accorded special consideration" when they fail to adhere to readily-comprehended court deadlines.  *See id.*, 951 F.2d at 110.

(Doc. 10).  The Court therefore directed Plaintiff to submit his Statement of Errors and to "show cause" for his failure to do so as previously directed.  On April 27, 2012, Plaintiff filed his response to the Court's order, including what is now construed as a long-overdue Statement of Errors. (*See* Docs. 12, 13).

Accordingly, **IT IS ORDERED:**

In light of the length of time that has elapsed since the filing of the Administrative Record in this case, Defendant shall file its response to Plaintiff's construed Statement of Errors (Doc. 12) on or before **May 25, 2012**, with Plaintiff to file any reply memorandum on or before **June 12, 2012**.   *NO EXTENSIONS TO THESE DEADLINES WILL BE GRANTED ABSENT AN EXCEPTIONALLY STRONG SHOWING OF GOOD CAUSE.*

       *s/ Stephanie K. Bowman*
       Stephanie K. Bowman
       United States Magistrate Judge